UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WILLIAM SEYMOUR,

                      Plaintiff,

              v.

ANDREW SAUL,
*Acting Commissioner of Social Security*,

                      Defendant.[1]

No. 19-CV-2466 (KMK)

ORDER ADOPTING R&R

KENNETH M. KARAS, United States District Judge:

    John William Seymour ("Plaintiff") brings this Action against the Acting Commissioner of Social Security ("Defendant" or the "Commissioner"), pursuant to 42 U.S.C. § 405(g), challenging the decision of an administrative law judge (the "ALJ") to deny Plaintiff's application for disability insurance benefits on the ground that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423, *et seq*. (Dkt. No. 1.) On March 28, 2019, the Court referred the case to Magistrate Judge Paul E. Davison ("Judge Davison") pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Dkt. No. 6.) Plaintiff and Defendant both moved for judgment on the pleadings. (Dkt. Nos. 13, 15.) On August 24, 2020, Judge Davison issued a Report and Recommendation (the "R&R") recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings and grant Defendant's Cross-Motion for Judgment on the Pleadings. (R&R 21 (Dkt. No. 18).) Plaintiff filed Objections to the R&R on September 8,

---

[1] As Judge Davison's Report and Recommendation noted, Andrew Saul is now the Acting Commissioner of Social Security and is substituted for former Acting Commissioner Nancy A. Berryhill as the Defendant in this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2020, (*see* Pl.'s Obj. to the R&R ("Pl.'s Obj.") (Dkt. No. 19)), and Defendant filed a Response on September 15, 2020, (Def.'s Resp. to Pl.'s Obj. ("Def.'s Resp.") (Dkt. No. 20)).  For the reasons discussed below, the Court adopts the R&R in its entirety.

## I.  Discussion

### A.  Standard of Review

#### 1.  Review of a Report and Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews *de novo* the portions of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Rogers v. Astrue*, 895 F. Supp. 2d 541, 547 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)(2)).  "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citation and quotation marks omitted); *see also Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F.

Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed one day late). Moreover, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [petition] will not suffice to invoke *de novo* review [of the magistrate's recommendations]." *Belen v. Colvin*, No. 14-CV-6898, 2020 WL 3056451, at *2 (S.D.N.Y. June 9, 2020) (citations omitted); *see also George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016) (same).

### 2.  Review of a Social Security Claim

In evaluating a Social Security claim, the reviewing court does not determine for itself whether the plaintiff was disabled and therefore entitled to Social Security benefits. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("We do not substitute our judgment for the agency's, or determine *de novo* whether the claimant is disabled.") (quotation marks, alterations, and citations omitted).  Instead, the reviewing court considers merely "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted), *amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005).  Accordingly, a court may overturn an ALJ's determination only if it was "based upon legal error" or "not supported by substantial evidence." *Roma v. Astrue*, 468 F. App'x 16, 17 (2d Cir. 2012) (citation and quotation marks omitted).  "Substantial evidence . . . is more than a mere scintilla and has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ornelas-Sanchez v. Colvin*, 632 F. App'x 48 (2d Cir. 2016) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), *cert. denied*, 559 U.S. 962 (2010) (quotation marks omitted).  In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the entire record,

including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation and quotation marks omitted).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ follows a five-step analysis:

1.  The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2.  If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3.  If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4.  If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5.  If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. § 404.1520(a)(4)(i)–(v). The claimant bears the burden of proof for the first four steps. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). If, however, the claimant proves that his impairment prevents him from performing his past work, the burden shifts to the Commissioner at the fifth step. *See id.* There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could perform." *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002) (citation omitted). If the ALJ determines that "significant numbers of jobs exist in the national economy that the claimant can perform," *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citation

4

omitted), the ALJ must deny disability insurance benefits to the claimant, *see* 20 C.F.R. § 404.1520(a)(4)(v).

    B. <u>Analysis</u>

The Court adopts the recitation of facts set forth by Judge Davison in the R&R, (*see* R&R 2–11), and assumes the Parties' familiarity with it. The Court will repeat only those facts relevant to the consideration of Plaintiff's Objections.

To begin, the Court will summarize the ALJ's application of the aforementioned five steps in evaluating Plaintiff's Social Security claim. With respect to the first step, no Party disputes that Plaintiff was not engaged in gainful employment at the time the application was considered. (Administrative Record ("A.R.") 1572–73 (Dkt. No. 8).) Nor does either Party dispute that, at step two, the severe impairments at issue are Plaintiff's valgus deformity and degenerative joint disease of the bilateral knees; left knee medial meniscus tear; hypertension; hyperlipidemia; lumbar-thoracic degenerative disc disease and; obesity. (*Id.* (citing 20 C.F.R. 404.1520(c)).) The ALJ found, at step three, that Plaintiff "did not have an impairment combination that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. 404.1520(d), 404.1525 and 404.1526." (A.R. 1574.) Then, the ALJ proceeded to step four, determining that Plaintiff had "the residual functional capacity to perform the full range of sedentary work, as defined in 20 C.F.R. 404.1567(a)." (*Id.*) Specifically, the ALJ found that Plaintiff "could sit approximately 6 hours, stand and/or walk approximately 2 hours . . . occasionally lift/carry up to 10 pounds[,] . . . occasionally climb ramps and stairs; . . . [and] occasionally stoop and crouch." (*Id.*) The ALJ also determined that Plaintiff could "frequently flex, extend and rotate the neck and must be permitted to alternate positions between sitting and standing at will, provided he is not off-task 5% of the workday." (*Id.*) Finally, at step five, the

ALJ concluded that Plaintiff "had acquired skills from past relevant work that were transferrable to other occupations with jobs existing in significant numbers in the national economy." (*Id*. at 1582–83.)

Plaintiff objects to Judge Davison's recommendation that Defendant's Cross-Motion be granted, and that Plaintiff's Motion be denied. (*See id.* at 21.) Plaintiff's objections often rehash arguments already decided by Judge Davison, and are not a "paragon of clarity[,] . . . interpreting the language of the objections as broadly as possible" the Court finds that some of the objections are sufficiently distinct and detailed to at least call for *de novo* review of portions of the R&R without needlessly duplicating the efforts of the magistrate judge. *McGovern v. Berryhill*, 15-CV-10057, 2018 WL 1587154 at *2 (S.D.N.Y Mar. 29, 2009); *cf. Vega*, 2002 WL 31174466, at *2 (refusing to consider objections because the claimant had "simply rearranged many portions of his original brief" and "[i]n fact, throughout his objections, [the claimant] cite[d] back to his original brief in support of his renewed objections"). In particular, the Court addresses Plaintiff's arguments regarding the ALJ's application of the treating physician rule and the ALJ's finding regarding Plaintiff's Residual Functioning Capacity ("RFC"). (*See* Pl.'s Obj. 1–7.)

        1.   Treating Physician Rule

Plaintiff asserts that the ALJ improperly discounted the opinion of Dr. Lyden, who was a treating physician. (Pl.'s Obj. 3–4.) To the extent that Plaintiff objects on the grounds that Judge Davison committed error in ultimately concluding that there was sufficient evidence to support the ALJ's discounting of Dr. Lyden's opinion, the Court disagrees.

When determining eligibility for disability insurance benefits, the Social Security Administration "give[s] more weight to opinions from . . . treating sources, since these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of

[the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). Consequently, the ALJ reviewing a claim for disability insurance benefits must likewise give "deference to the medical opinion of a claimant's treating physician." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, "the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Id.*

If the ALJ declines to give controlling weight to a treating physician's opinion, the ALJ must consider a number of factors in determining how much weight the opinion is due: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion was from a specialist; and (v) any other factors that "tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(2). The ALJ need not always recite each factor. *See Halloran*, 362 F.3d at 32 (noting that "it [was] unclear on the face of the ALJ's opinion whether the ALJ considered (or even was aware of) the applicability of the treating physician rule," but nevertheless concluding that "the substance of the treating physician rule was not traversed"); *see also Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear."). While Judge Davison found that the ALJ's failure to explicitly cite each of these factors in his analysis is a procedural error, after conducting a "searching review of the record," Judge Davison concluded that the ALJ "properly weighed Dr. Lyden's opinion, proffered good reasons for discounting it[,] and applied the substance of the treating physician rule." (R&R 15.) The Court agrees.

7

In assigning Dr. Lyden's opinion less weight, the ALJ considered Dr. Lyden's letter, dated September 6, 2013, which included a Treating Doctor's Functional Assessment to do sedentary work. (A.R. 1561–63.) In the RFC Report, Dr. Lyden attested that the Plaintiff's RFC had been limited since February 2008, however the treatment notes provided in support of the report were all from 2013, which is outside the relevant time period. (*Id.* at 1560–66). Dr. Lyden also provided an opinion with regard to RFC, dated April 22, 2008, in which he concluded that Plaintiff should be considered disabled. (A.R. 867.) This opinion is only supported by documentation that is from outside the relevant period.[2] (*Id.* at 868–73.) Furthermore, given Dr. Lyden's failure to respond to numerous attempts to clarify his opinions, including a request for the treatment notes from the relevant period, (i*d.* at 1178–82, 1215, 1599–1603, 1864), these opinions do not provide the unique, detailed, longitudinal picture the physician rule seeks to address. *See McGovern*, 2018 WL 1587154 at *5 ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."). When no clarification was forthcoming, the ALJ properly assigned Dr. Lyden's opinion less weight under the treating physician's rule. (R&R 15–16.) *See Velilla v. Comm'r of Soc. Sec.*, No. 16-CV-04317, 2017 WL 11556054, at *15 (S.D.N.Y. Aug. 22, 2017) (holding that the ALJ can discount the treating

---

[2] As Judge Davison's R&R noted, the relevant period begins on February 8, 2008, and ends on December 31, 2011. (A.R. 1032); (R&R 15). All of the treatment notes attached to Dr. Lyden's April 2008 opinion date from early 2004, placing them outside of the relevant period. (A.R. 868–73).

physician's opinion only if the ALJ believes that the opinion lacks support or is internally inconsistent and then affirmatively seeks clarifying information from the treating physician); *Lacava v. Astrue*, No. 11-CV-7727, 2012 WL 6621731, at *12 (E.D.N.Y. Nov. 27, 2012) ("[T]he ALJ may not discredit the opinion [of a treating physician] without affirmatively seeking out clarifying information from the doctor.") (internal quotation marks omitted).  The ALJ's decision to discount the opinion of Dr. Lyden is further supported because the other evidence in the record is inconsistent with Dr. Lyden's opinion.  *See Felice*, 2019 WL 6682319, at *6–7.  For example, Dr. Malhotra's opinion during the same time period, dated November 25, 2009, explained that Plaintiff had only minimal limitations on squatting.  (A.R. 318–23.)[3]  Dr. Blaber's report, dated December 9, 2009, advised that Plaintiff was capable of "occasional climbing, crawling[,] and kneeling," as well as "occasional bending and crouching." (*Id.* at 338.)  Thus, especially "[w]hen other substantial evidence in the record conflicts with the treating physician's opinion . . . a treating physician's statement that the claimant is disabled cannot itself be determinative." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).  Therefore, this Court adopts Judge Davison's conclusion that the ALJ properly weighed and discounted Dr. Lyden's opinion given its inconsistencies with the assessments of other physicians in the record.

---

[3] The Court further notes that, in the Second Circuit, "[t]he report of a consultative examiner may constitute substantial evidence to support an ALJ's decision." *Beau, M. v. Comm'r of Soc. Sec.*, No. 18-CV-1170, 2020 WL 586868, at *7 (N.D.N.Y. Feb. 6, 2020) (citation and quotation marks omitted) (collecting cases).  Therefore, Dr. Malhotra's opinion alone (i.e., that Plaintiff had minimal pain on extreme flexion of the right knee, but otherwise movements were full range of motion bilaterally in the knees, full range of motion of hips and ankles bilaterally, strength of 5/5 in proximal and distal muscles bilaterally, no muscle atrophy, no sensory abnormality, no joint effusion, inflammation or instability, and only minimal limitations on squatting," (A.R. 3220–21)), could provide substantial support for the ALJ's conclusion.

2. Plaintiff's Activities of Daily Living ("ADLs")

Plaintiff objects to Judge Davison's conclusion that the ALJ properly discounted Dr. Lyden's opinion based on Plaintiff's ADLs. (Pl.'s Obj. 4–5). To the extent that Plaintiff objects on the grounds that Judge Davison committed error in ultimately concluding that the ADLs support the ALJ's discounting of Dr. Lyden's opinion, the Court disagrees.

Plaintiff contends, based on his self-reported difficulty in "dressing and washing his lower extremities," (A.R. 169), and ADLs reported during his 2011 physical therapy sessions, (*see id.* at 1529–43), that the evidence in the record is inadequate to establish that Plaintiff could perform sedentary work, and that the ALJ inappropriately relied on Plaintiff's ADLs reported to Dr. Malhotra to arrive at this conclusion (*see* Pl.'s Obj. 5–6). While a "claimant need not be an invalid to be found disabled . . . an ALJ must assess subjective evidence in light of objective medical facts and diagnoses." *Williams v. Bowen*, 859 F.2d 255, 260–61 (2d Cir. 1988). Plaintiff's subjective testimony of his ADLs during the examination by Dr. Malhotra is consistent with the "experts' opinions." *Id.* The consultative evaluation by Dr. Malhotra supports a finding of an RFC that allows for sedentary work. (A.R. 318–23.) During Plaintiff's orthopedic consultative examination in November 2009, Dr. Malhotra observed that Plaintiff was not in any acute distress, had normal gait and station, and was able to walk on heels and toes without difficulty. (*Id.* at 320.) Dr. Malhotra observed that Plaintiff could squat three-fourths of the way and that while Plaintiff was limited by right knee pain, he used no assistive devices, needed no help changing or getting on and off the examining table, and was able to rise form the chair without difficulty. (*Id.*) Dr. Malhotra further noted that Plaintiff had minimal pain in the lower extremities on "extreme flexion of the right knee" and the knees bilaterally had full range of motion. (*Id.*)

10

Consultative examiner Dr. Blaber's report is consistent with Dr. Malhotra's findings. (*Id.* at 340–45.) In December 2009, Dr. Blaber found Plaintiff's RFC to include "occasionally lift[ing] and/or carry[ing] 20 pounds," "frequently lift[ing] and/or carry[ing] 10 pounds," "stand[ing] and/or walk[ing] for a total of about [six] hours in an [eight] hour workday," "sitt[ing] for a total of about [six] hours in an [eight] hour workday," "push[ing] and/or pull[ing] . . . [an] unlimited [amount]", (*id.* at 341), and "occasional climbing, crawling, and kneeling [and] limited occasional bending and crouching" (*id.* at 338). While Dr. Blaber's opinion is in part based upon Dr. Malhotra's report, Dr. Blaber also reviewed an MRI report of the re-tear of the left knee meniscus from 2007 and the MRI report of the right knee showing degenerative tear from 2004. (*Id.* at 341.) Dr. Blaber concluded that Plaintiff was capable of occasional climbing, crawling, kneeling, stooping, and crouching. (*Id.* at 342.) These limitations are in line with Dr. Malhotra's findings, as well as Plaintiff's reported ADLs. Because the ALJ's determination is supported by substantial evidence, the Court "must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984). Such subjective complaints include reports of knee pain that affected Plaintiff's ADLs and prompted Plaintiff to proceed with total knee replacements, which the ALJ deemed inconsistent with the objective medical evidence in the record. (A.R. 1418, 1575.)

3. Dr. Malhotra's Findings

Finally, Plaintiff's objects to the ALJ's reliance on Dr. Malhotra's findings to determine the Plaintiff's RFC. (Pl.'s Obj. 6–8.) To the extent that Plaintiff objects on the grounds that Judge Davison improperly evaluated the ALJ's reliance on Dr. Malhotra's findings to conclude that there was sufficient evidence to support an RFC for sedentary work, the Court disagrees.

When reviewing whether there is substantial evidence, the Court is required to examine the entire record, including the contradictory evidence and evidence from which conflicting inferences may be drawn.  *See Talavera*, 697 F.3d at 151.  If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *McIntyre*, 758 F.3d at 149.  While Judge Davison acknowledged that the ALJ neglected to cite to the particular points addressed by Plaintiff, Judge Davison also noted that the ALJ need not explicitly analyze every piece of conflicting evidence.  (R&R 19; Pl.'s Obj. 7.)  Much of Plaintiff's objection to the ALJ's reliance on Dr. Malhotra's findings is a *verbatim* recitation of Plaintiff's argument in his Motion of Judgment on the Pleadings.  (*Compare* Pl.'s Obj. 6–7 with Pl.'s Mem. of Law in Supp. of Judgment on Pleadings 20 (Dkt. No. 14).)  While Plaintiff attempts to reframe the argument and provides some additional case law to support this argument, the case law does not support an alternative finding.  (*See* Pl.'s Obj. 7–8.)  Specifically, although Plaintiff objects on the basis that the ALJ ignored outcome determinative evidence favoring the Plaintiff, this Court disagrees.  *See, e.g.*, *Meadors v. Astrue*, No. 09-3545-CV, 2010 WL 1048824, at *4 n.2 (2d Cir. March 23, 2010) (noting that an ALJ "cannot simply selectively choose evidence in the record that supports his conclusions") (quoting *Gecevic v. Sec'y of Health & Hum. Servs.*, 882 F. Supp. 287, 286 (E.D.N.Y. 1995)).

Due to the mere rehashing of the arguments previously put forth in Plaintiff's Memorandum in Support of Judgment on the Pleadings, this objection is "reviewed only for clear error."  *Williams v. Comm'r of Soc. Sec.*, No. 15-CV-671, 2017 WL 4326119, at *1; *see also Faucette v. Comm'r of Soc. Sec.*, No. 13-CV-4851, 2015 WL 5773565, at *3 (S.D.N.Y. Sept. 30, 2015); *see also Holloway v. Colvin,* No. 14-CV-5165, 2016 WL 1275658, at *2 (S.D.N.Y. Mar. 31, 2016) ("Clear error review is especially appropriate where the objections are

merely copied verbatim from the objecting party's earlier briefing."); *Weinrauch v. N.Y. Life Ins. Co.*, No. 12-CV-5010, 2013 WL 1100809, at *2 (S.D.N.Y. Mar. 18, 2013) (reviewing objections for clear error where the objector "rehashe[d] his previous arguments to" the magistrate judge, and "indeed, the majority of his objection [was] verbatim quotation from his previous submission").

The Court sees no need to disturb this well-reasoned decision made by the ALJ to give great weight to Dr. Malhotra's findings based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (citation and quotation marks omitted); (R&R 19); (A.R. 1578-79). This Court finds there is substantial evidence to support the ALJ's decision. Because Plaintiff has offered no other objections to the R&R, the Court, having reviewed the thorough R&R, concludes that Judge Davison committed no error, and certainly not clear error.

## II.  Conclusion

For the foregoing reasons, the Court adopts Judge Davison's R&R in its entirety, denies Plaintiff's Motion for Judgment on the Pleadings, and grants Defendant's Motion for Judgment on the Pleadings. The Clerk of the Court is respectfully directed to terminate the pending Motions, (Dkt. Nos. 13, 15), enter judgment for Defendant, and close this case.

SO ORDERED.

DATED:   July 27, 2021
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE